|  |  |  |
|---|---|---|
| JACQUELYN LENTINI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-3586 (MAS) (DEA) |
| | : | |
| NICHOLAS RUGGIERO, et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Jacquelyn Lentini's ("Plaintiff") Motion for Default Judgment. (Pl.'s Mot., ECF No. 18; Pl.'s Req. to Enter Default, ECF No. 17.) Defendant Nicholas Ruggiero ("Defendant" or "Ruggiero") filed a Certification in opposition to Plaintiff's Motion. (Opp'n Cert., ECF No. 28.) In addition, Defendant submitted two Answers to Plaintiff's Complaint. (Def.'s 1st Answer, ECF No. 19; Def.'s 2nd Answer, ECF No. 29.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, Plaintiff's Motion for Default Judgment is denied as to Ruggerio and denied without prejudice as to Five Star Capital. In addition, the Court vacates the Clerk's entry of default as to Ruggiero.

I.    **Background & Procedural History**

Plaintiff's Complaint alleges a Racketeer Influenced and Corrupt Organizations Act ("Civil RICO") claim, breach of contract, breach of covenant of good faith and fair dealing, material misrepresentation, breach of fiduciary duty, unjust enrichment, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Compl., ECF No. 1.) The

Complaint alleges that Defendant rented a home located in Bay Head, New Jersey, to Plaintiff. (Compl., Facts Common to All Counts, ¶ 3.) According to the Complaint, Defendant approached Plaintiff and her husband about an opportunity to purchase gold dust from the African country of Ghana. (*Id.* ¶ 4.) Specifically, on March 12, 2011, Defendant sent Plaintiff's husband an e-mail message about "programs" that promised large returns in the hundred thousand dollar range, "with no risk of capital." The e-mail message also related that the capital would be secured by a promissory note. (*Id.* ¶ 5.)

Plaintiff alleges that Defendant advised her that he previously participated in three successful purchases of gold from the Nana Agyemang and Awuku Family Stool Lands in Ghana. (Compl. ¶¶ 7-8.) Defendant also represented that he personally visited Ghana, helped facilitate one transaction, and returned with gold. (*Id.* ¶ 9.)

On July 25, 2011, Defendant sent Plaintiff's husband another e-mail message and explained that he required a "CIS–Client Information Sheet–for compliance since this is a gold asset platform and they must screen the applicant." (*Id.* ¶ 11.) Defendant represented that any monies Plaintiff invested would receive a 50% rate of return and would be returned within 14 days of the original investment. (*Id.* ¶ 12.) An attorney allegedly administered the funds. (*Id.* ¶ 13.) Defendant signed a promissory note secured by a mortgage on the Bay Head property, and Plaintiff agreed to make the initial $40,000.00 investment. (*Id.* ¶ 14.)

On August 8, 2011, Defendant gave Plaintiff a draft agreement stating that the investment of $40,000.00 dollars would be returned in 14 days, at a 50% rate of return. The note was to be secured by a second mortgage. (*Id.* ¶ 15.) On August 9, 2011, Defendant e-mailed Plaintiff's husband documents needed to complete the "gold transaction." The documents referred to the Republic of Ghana and Timechase and indicated that the purchase would be proceeding with

Five Star Capital Group LLC ("Five Star Capital"). (*Id.* ¶ 16.) Defendant later advised Plaintiff that she would need to invest an additional $50,000.00 because the export fees nearly doubled, the Value Added Tax (VAT) needed to be paid, and the process had changed from the previous year, resulting in the need for an "investor pool." (*Id.* ¶ 17.) The August 25, 2011 promissory note provided that the funds would be used to purchase gold and indicated that Defendant would repay the loan within 30 days. (*Id.* ¶ 19.)

Plaintiff alleges that on September 1, 2011, Defendant forwarded an e-mail message indicating that the promissory notes had been signed. Defendant also requested the wire transfer. (*Id.* ¶ 21.) After Defendant failed to repay the loan, Plaintiff demanded repayment. Defendant then showed Plaintiff multiple e-mail messages and documents, including a gold dust sample document from the Republic of Ghana, Timechase, and Five Star Capital, explaining that the gold was delayed in Customs in Ghana. (*Id.* ¶¶ 23-24.)

According to the Complaint, public records revealed that Timechase, the Nana Agyemang and Awuku Family Stool Lands did not exist. In addition, the Geological Survey Department in Ghana found the gold dust sample document fraudulent. (*Id.* ¶¶ 25-27.) Moreover, Ghana's Revenue Authority found that the Customs-related documents were forgeries and stated that there were no records of any of the individuals or corporations cited by Defendant. Further, Ghana's Immigration Services and Customs noted that there was no gold in Customs related to the alleged transactions. (*Id.* ¶¶ 28-29.)

On February 12, 2013, Plaintiff filed a request for entry of Clerk's default. (ECF No. 16.) The Clerk entered default as to Nicholas Ruggiero and Five Star Capital on February 13, 2013. On March 7, 2013, Plaintiff filed a Motion for Default Judgment against Defendant. (ECF No.

18.) Plaintiff seeks treble damages under RICO[1], punitive damages under the common law fraud claim, as well as attorney's fees and costs. (Pl.'s Cert. of Counsel, ECF No. 17-2, ¶¶ 14, 20, 21, 30.) Instead of filing opposition to the motion, Defendant filed an answer to the complaint on March 18, 2013. (ECF No. 19.) On August 9, 2013, the Court ordered that Defendant must file opposition to Plaintiff's motion by August 30, 2013. (ECF No. 26.) On August 29, 2013, Defendant filed a Certification in opposition to the motion. (ECF No. 28.) He also filed another answer to the complaint. (ECF No. 29.)

## II.    Discussion

Default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Nevertheless, it is preferable that "cases be disposed of on the merits whenever practicable." *Id.* at 1181 (internal citation omitted). The Court "does not favor defaults and . . . in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

Pleadings filed by parties proceeding *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Here, the Court will consider Defendant's opposition papers to consist of his Certification in Opposition to the Motion for Default Judgment and both Answers. In addition, the Court will treat Defendant's opposition papers as a request to vacate the Clerk's default.

---

[1] Pursuant to the RICO statute, Plaintiff seeks $90,000 trebled, totaling $270,000. Although the Parties did not enter into a settlement agreement, Defendant paid Plaintiff $75,000 towards the $90,000 alleged in the Complaint after Plaintiff filed the Complaint. Plaintiff asserts that Defendant is entitled to have the $75,000 credit deducted from the $270,000. According to Plaintiff, "given that no payments were made until Plaintiff was forced to file suit, we respectfully submit that the proper amount to be trebled is the original fraudulent sum obtained." (Pl.'s Cert. of Counsel ¶¶ 6-9, 14, 20.)

4

In deciding motions to vacate entry of default and motions to vacate default judgment, the Court must consider whether: (1) the defendant appears to have a meritorious defense; (2) the plaintiff will be prejudiced; and (3) the default was due to defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). However, motions to vacate entry of default are held to a more lenient standard. *Feliciano*, 691 F.2d at 656.

## A. Defendant Appears to Assert a Meritorious Defense to the RICO Claim

A threshold issue in deciding whether to set aside an entry of default is whether the Defendant asserted a meritorious defense. "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (internal quotations omitted).

Read liberally, Defendant's opposition papers state a meritorious defense to Plaintiff's RICO claim. According to Defendant, he did not devise a scheme to defraud the Plaintiff. Rather, Defendant asserts that he was also "a victim of a transaction." (Def.'s 1st Answer.) Defendant further asserts that the "purpose of the loan was for a gold purchase and cited in the note." (*Id.*) Here, Plaintiff alleges violation of 18 U.S.C. § 1343–wire fraud–as the predicate act. (Compl. ¶ 38.) Since fraudulent intent is an element of wire fraud, Defendant's asserted lack of intent would constitute a defense to the RICO claim. *See United States v. Antico*, 275 F.3d 245, 261 (3d Cir. 2001), *abrogated on other grounds by United States v. Riley*, 621 F.3d 312 (3d Cir. 2010). Therefore, a consideration of this factor weighs in favor of vacating the entry of default.[2]

---

[2] Plaintiff invoked federal question jurisdiction based on her RICO claim and supplemental jurisdiction for the remainder of her claims. Therefore, in considering Plaintiff's motion for default judgment and Defendant's opposition, the Court has paid particular attention to the factual allegations underlying the RICO claim. After review of the allegations in the Complaint, the Court finds good cause to require Plaintiff to file a Civil RICO Case Statement pursuant to

5

### B. Plaintiff has not been Prejudiced

Prejudice under this prong can be demonstrated by "loss of available evidence [or] increased potential for fraud or collusion." *Feliciano*, 691 F.2d at 657. Additionally, "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default . . . entered at an early stage of the proceeding." *Id.* at 656-57.

A review of the record in the present case "does not support a claim of prejudice justifying denial of relief." *Id.* at 657. Therefore, this factor weighs against the entry of default judgment and in favor of vacating the Clerk's entry of default.

### C. Defendant has not Exhibited Culpable Conduct

The culpable conduct standard requires more than mere negligence. *Hritz*, 732 F.2d at 1183. Rather, culpable conduct in the Third Circuit requires a showing of conduct that is "taken willfully or in bad faith." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (quoting *Gross*, 700 F.2d at 124).

The Court finds that the record does not support an inference of willfulness or bad faith on behalf of Defendant. Rather, it appears that Defendant was actively involved with Plaintiff in an attempt to settle the dispute. Furthermore, Defendant's untimely filings constitute "sloppiness, perhaps" but do not equate to a "history of deliberately proceeding in a dilatory fashion." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982) (quoting *Chandler Leasing Corp. v. Lopez*, 660 F.2d 919, 920 (4th Cir. 1982)). As such, this factor also weighs against the entry of default judgment and in favor of vacating the Clerk's entry of default.

---

Local Civil Rule 16.1 (b)(4). A RICO Case Order follows the Order on this Motion. Plaintiff must file a RICO Case Statement by **November 22, 2013**.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion for Default Judgment is denied as to Ruggiero.[3] In addition, the Court vacates the Clerk's entry of default as to Ruggiero. An Order consistent with this Opinion will be entered.

_____s/ Michael A. Shipp_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

<u>Dated:</u>  October 31, 2013

---

[3] Five Star Capital failed to file opposition to the motion. Nevertheless, the Court denies Plaintiff's motion without prejudice as to Five Star Capital pending review of Plaintiff's Civil RICO Case Statement and further case proceedings. The Court does not vacate the Clerk's entry of default as to Five Star Capital.